## Case No. 7,859.

KITTREDGE v. CLAREMONT BANK et al.

[1 Woodb. & M. 244.] 1

Circuit Court, D. New Hampshire. May Term, 1846.

BILL IN EQUITY—INTERROGATORIES—ANSWERS TO.

1. Where a bill in chancery asks answers to certain pertinent interrogatories according to the knowledge, information. and belief of the respondents. it is their duty. not merely to state their own knowledge. but the information, if any derived from others, and their belief on the subject.

[Cited in Burpee v. First Nat. Bank of Janesville, Case No. 2,185.]

2. If one of the respondents be a corporation, the officers answering are bound to make full inquiries on the matter before answering.

[Cited in French v. First Nat. Bank, Case No. 5,099.]

3. When the court have once ordered the respondents to answer more fully on such matters. and exceptions are taken and sustained again to omissions or evasions. the court will not allow the answers to be amended without cost. to be followed by harsher measures if the omissions are repeated.

[Cited in Gamewell Fire Alarm Tel. Co. v. Mayor, etc., 31 Fed. 313.]

This was a bill in chancery, alleging, among other things, that the plaintiff [Thomas B. Kittredge] had become surety in a promissory note to said bank, on the 12th of December, 1837, for one James H. Bing-

1 [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

ham, in the sum of $1.250. It was averred, that Bingham was indebted to the bank, August 12th, 1837, in the sum of $13,563, to secure which he then assigned to the bank Samuel Partridge's note of $10,784, and Asa Wentworth's note of $5,000. That Bingham, on the 5th of December, 1839, by consent of the bank, assigned to Tyler and Eastman, other sureties of his, all the surplus interest he possessed in the notes before named of Partridge and Wentworth, and that the respondents, Briggs and Stevens, assumed Tyler and Eastman's liabilities, and took an assignment of all the interest they had obtained from Bingham in the notes before described. That before June, 1842, Bingham became insolvent. and some new security was taken by Briggs and Stevens to make good the notes of Partridge and Wentworth. That on the 3d of April, 1843, the complainant deposited $1,266.80 in cash in the bank, to make safe the note on which he was security for Bingham, and instead of a mortgage, which had before been executed to secure it. That Bingham, May 23d, 1843. directed the money in the bank unappropriated, to be applied to aid or relieve the plaintiff, as his surety; but the bank, instead of doing this, did on the 22d of November ensuing, apply this money to discharge Bingham's note, and gave up to Briggs and Stevens the notes of Partridge and Wentworth, which had been pledged to secure Bingham's debts. The bill prayed, that the bank should be required to pay over to the complainant that $1,250, and resort to the pledge notes of Partridge and Wentworth. Various interrogatories were inserted in the bill, with a view of ascertaining and showing that the plaintiff signed the note with Bingham merely as surety, on the two prior notes— one for $850, and one for $400—to cover which the last note of $1,250 was given. The answers filed it is not necessary to repeat, except that they were not so explicit and full, in respect to the matters sought to be shown by the interrogatories, as the plaintiff desired and thought they ought to be, and, therefore, he filed sundry exceptions to them. These were sustained by the court, at a prior term, viz., May. 1845, (see the decision in Kittredge v. Claremont Bank [Case No. 7,858].) and the respondents were directed to answer fully in relation to all matters which had been excepted to. At this term the bank's amended answer was excepted to, as well as that of the other respondents.

James Bell, for complainant.
E. L. Cushing, for defendant.

WOODBURY, Circuit Justice. One of the exceptions in this case is, that the last answer by the bank does not state. whether the original notes of $400 and $850 were for loans made for the benefit of Bingham. It states, that the present officers have no

knowledge on this point, but does not add what is their information or their belief concerning it. The first answer by the bank stated, that both Bingham and the plaintiff appeared as principals on the books, but professed ignorance for whose benefit the loan was made. And though the court then decided that the answer should be fuller in this matter, it still omits to set out what is the information or belief of the present officers on that point. But both of these should be given when required. Woods v. Morrell, 1 Johns. Ch. 103. And much more should they have been given in this instance, after a special direction to make the answers in this respect fuller. On this point the new or amended answers of Briggs and Stevens are nearly in the same condition; not stating their information and belief as to the matters urged in the interrogatories; but only their knowledge, as set out in the original answer. It is the duty of a respondent, when requested, to state not only his own knowledge on the matter, but what he has been informed by others, and the belief, which all of his knowledge and information have produced. The officers of the bank, if they are not the same persons who were in office at the time of a transaction inquired about, ought to go not only to the records, books, and files, for information, but to the former officers, if living, and ascertain, as near as may be, the truth of the matters about which they are interrogated. These answers are also defective, for not denying all, which is not admitted on these points, so that a proper issue can be presented and tried. The last exceptions are, therefore, in these respects, sustained; and I feel constrained to add, that should another set of answers come in, either evasive or failing again to comply with the order of the court, some different mode must be taken than merely awarding cost, to insure what is proper. Let all the costs of this term be paid by the respondents for leave to amend the present answers and file fuller ones, and let these be filed in thirty days. Exceptions allowed.