Kimbro *vs.* The Bank of Fulton.

R. P. S. KIMBRO, plaintiff in error, *vs.* THE BANK OF
FULTON, defendant in error.

1. The Act of 13th October, 1870, requiring proof of the payment of
taxes on contracts made prior to June 1st, 1865, is unconstitutional
and void.

2. The general rule is, that statutes of limitation do not apply to bank
bills, because they are by the consent of mankind and course of busi-
ness, considered as money, and that their date is no evidence of the
time when they were issued, as they are being continually returned to
and reissued by the bank. But if the bills have ceased to circulate
as currency, and have ceased to be taken in and reissued by the banks,
they no longer have that distinctive character from other contracts,
which excepts them from the operation of the statute of limitation.

3. If the bills of the Bank of Fulton had thus lost this distinctive char-
acter prior to the first of June, 1865, they come within the provisions
of the Act of 16th March, 1869, entitled "an Act in relation to the
statutes of limitation and for other purposes."

4. It is necessary in a plea of the statute of limitations by a bank when
sued on its bills, to aver the facts which take them out of the ordinary
rule, to-wit: that the statute does not apply to such contracts.

5. When a defendant sets up by plea that the contract is void under the
Constitution, because it was made for the purpose of aiding and en-
courage "*the late rebellion,*" it is necessary that the facts should be
stated in such plea, going to show how and in what way the contract
was intended to give such aid and encouragement.

6. When amongst other defenses, such pleas have been filed and stricken
by the Court on demurrer, and such decision excepted to and excep-
tion certified and entered on the minutes, it is competent for the de-
fendant to amend the pleas on a new trial, which has been granted to
the plaintiff.

Relief Act of 1870. Statute of limitations. Bank bills.
Pleadings. Amendment. Constitutional law. Before Judge
HOPKINS. Fulton Superior Court. October Adjourned Term,
1872.

On May 31st, 1871, Kimbro brought suit in the Justice's
Court of the one thousand two hundred and thirty-fourth dis-
trict, against the Bank of Fulton, on four bills of said bank,
dated September 20th, 1868, two for $20 00, one for $50 00,
and one for $10 00. Judgment was rendered in favor of the
plaintiff, and the case was carried, at the instance of the de-
fendant, to the appeal docket of the Superior Court.

The defendant pleaded as follows:

1st. That it never had transacted business in the one thousand two hundred and thirty-fourth district, but on the contrary, had always, and was then transacting its business in the one thousand two hundred and twenty-sixth district.

2d. The general issue.

3d. "That the obligations or evidences of indebtedness upon which said suit is predicated, or some part thereof, were made and not executed during the late rebellion, and said defendant has reason to believe, were given and used with the intention of aiding and encouraging said rebellion, and that it was the purpose and intention of all the parties to such contract to aid or encourage such rebellion, and that fact was known to the other party, and that, therefore, said obligations or evidences of indebtedness are, under the provisions of the Constitution of the State of Georgia, null and void," etc.

4th. The statute of limitations of March 16th, 1869. This plea merely set forth said Act, without alleging any special circumstances which brought plaintiff's claim within its operation.

The issue formed upon the first plea was submitted to the jury, and a verdict rendered in favor of the plaintiff. No exception was taken to any ruling upon this collateral issue.

A demurrer was filed to the third and fourth pleas which was sustained by the Court, and the defendant excepted.

Upon the trial of the issue formed by the second plea, the Court charged the jury that "it must be made to appear to them that all legal taxes chargeable by law upon the notes sued on, have been paid since their date."

The jury returned a verdict for the defendant. The plaintiff excepted to said charge and assigns error thereon. The defendant assigns error upon the exception to the ruling on the demurrer to the third and fourth pleas.

JACKSON & CLARKE, for plaintiff in error.

COLLIER, MYNATT & COLLIER; B. H. HILL & SON, for defendant.

Kimbro *vs.* The Bank of Fulton.

TRIPPE, Judge.

1. The charge of the Court below, under the ruling of a majority of this Court, prior to the decision of the Supreme Court of the United States, in Walker *vs.* Whitehead, was, that it must be made to appear to the jury, on the trial of cases founded on contracts made prior to June 1st, 1865, that all legal taxes due on the contract have been paid. This charge was error, as this Court during the last and present term has held in several cases.

2. The authorities are numerous, and almost without conflict, that the statute of limitations does not apply to bank bills, and it was so decided in the case of *Dougherty vs. The Western Bank of Georgia*, 13 *Georgia Reports*, 288, and again recognized as the correct principle in 30 *Georgia*, 770. The reason given for such exception of bank bills from the common rule, is, that they are by the consent of mankind and course of business considered as money; that their date is no evidence of the time when they were issued, as they are being continually returned to and reissued by the bank. Under such a state of facts, it would be impossible to fix a starting point for the statute to begin to run. (See 13 *Georgia, supra,* and the numerous authorities cited.) But if such bills have ceased to circulate as currency, and have ceased to be taken in and reissued by the bank, and to be considered as money in the ordinary sense of that term, the reason for such exception ceases. They no longer have that distinctive character from other contracts, which excepts them from the operation of the statute of limitations. (See remarks of LUMPKIN, Judge, 30 *Georgia*, 774.) These facts would not constitute the date of the bills as the period at which the statute would commence, for as was said in Greer *vs.* Perkins, 5 Humphries, 592, the date of a bank note affords no presumption that it was put in circulation at that time. It may have been filled up and dated long before it was issued, and may have often been returned and reissued at long and distant intervals.

3. It does not appear from the record whether the bank

bills sued on in this case had lost this distinctive character; and if so, at what time. If it were prior to June 1st, 1865, they then stood on the same footing as other contracts, and come within the provisions of the Act of March 16th, 1869, entitled "An Act in relation to the statute of limitations," etc. If this change in their character did not occur until after said 1st day of June, 1865, we do not pronounce what effect the 8th section of the Act of March, 1869, would have upon them. Since this case was argued and determined, two other cases have been pronounced on at the same term, touching this point, in the case of contracts maturing after June 1st, 1865, and of those made after that day, but before the date of the passage of the Act. (See *Addison vs. Christy*, and *Black et al., vs. Swanson*, July term, 1873, not yet reported.)

4. The rule as to pleading, in relation to the statute of limitations, should be the same, both as to plaintiff and defendant. That is, as it is necessary for the plaintiff, if he declare on a contract which, on its face, would be barred by the statute to allege the facts, if any, which would take the case out of the statute, or be liable to dismissal of his suit on demurrer, so should a bank, when sued on its bills, which are not, under the general rule, within the statute, show, by its plea, if it rely on the statute, such facts as will bring the bills within its operation, or the plea can be demurred to.

5. The same principle applies to a plea that the contract is void under the Constitution, in that it was made for the purpose of aiding and encouraging "*the late rebellion.*" That principle is, that the plea "*shall plainly, fully and distinctly* set forth the defense." A plea simply stating generally that the contract was made to *aid and encourage the rebellion*, is not sufficient. It should set forth the facts going to show how and in what way the contract did, or was intended to, give such aid and encouragement. More especially should a defendant filing such a plea be held to this rule, when the plea casts the *onus* on the plaintiff of disproving the plea.

6. The Court below was right in sustaining the objection

to the pleas of the defendant as to the statute of limitation and the illegality of the contract. As we have been asked to pass upon the question whether, upon a new trial, the defendant has the right to file full and proper pleas on these points, we say, that as they were adjudged defective for not being full enough, or as that is the ground upon which the judgment of the Court is sustained, we see no reason why the defendant should not have the right to amend.

The judgment of the Court below is reversed, and a new trial ordered on the first point mentioned.