GAMEWELL FIRE-ALARM TEL. CO. *v.* THE MAYOR, etc.

(*Circuit Court, S. D. New York.* April 19, 1887.)

1. MUNICIPAL CORPORATIONS—ACTION AGAINST—PRESENTATION OF CLAIMS.
    The laws of New York, (section 1104, c. 410, Laws 1882,) respecting the presentation of claims against the city of New York to the comptroller for adjustment before bringing suit, only apply to such claims as can be prosecuted in the state courts by the actions or proceedings mentioned in section 1103.

2. FEDERAL COURTS—EQUITY JURISDICTION.
    The equity jurisdiction of the courts of the United States is subject to neither limitation nor restraint by the state authorities, and is uniform throughout the different states of the Union.

3. EQUITY PLEADING—ANSWER—CORPORATION.
    Although a corporation cannot be compelled to answer to a bill in equity, under oath, it can be required to answer, and must answer fully.

In Equity. Bill for infringement of letters patent.

The defendant filed an answer which pleaded, (1) failure to make demand on the comptroller of the city of New York before bringing suit, as required by Laws N. Y. 1882, *c.* 410, § 1104; (2) denial of title; (3) non-infringement; (4) insufficient specification; (5) surreptitiously obtaining patent for invention of another; (6) want of novelty; and, (7) public use for more than two years. The complainant filed exceptions to the first defense stated, on the ground of impertinence, and other exceptions for insufficiency, in failing to answer the interrogatories in the bill.

*Charles N. Judson,* for complainant.

*Betts, Atterbury & Betts,* for defendants.

WALLACE, J. The exceptions to the answer for impertinence are sustained for the reasons, (1) that the laws of New York, (section 1104, c. 410, Laws 1882,) respecting the presentation of claims against the city

of New York to the comptroller for adjustment before bringing suit, only apply to such claims as can be prosecuted in the state courts by the actions or proceedings mentioned in section 1103; and, (2) if this enactment were intended to apply to actions at law brought in the federal courts, it would not apply to suits in equity. The equity jurisdiction of the courts of the United States is subject to neither limitation nor restraint by the state authorities, and is uniform throughout the different states of the Union. *U. S.* v. *Howland*, 4 Wheat. 108, 115; *Payne* v. *Hook*, 7 Wall. 430; *Green* v. *Creighton*, 23 How. 105.

The exceptions for insufficiency are also sustained. Although a corporation cannot be compelled to answer to a bill in equity under oath, it can be required to answer, and must answer fully. *Colgate* v. *Compagnie Francaise*, 23 Blatchf. 88, 23 Fed. Rep. 82; *Kittredge* v. *Claremont Bank*, 1 Woodb. & M. 244; *Reed* v. *Cumberland Mut. Ins. Co.*, 36 N. J. Eq. 393.