## McCLASKEY *et al.* v. BARR *et al.*

(*Circuit Court, S. D. Ohio, W. D.* December 4, 1889.)

**1. EQUITY—PLEADING—BILL—ANSWER.**
A prayer that each of the defendants may be required to answer unto the premises, in a bill for relief, being a good general interrogatory, complainants are entitled to an answer to every material allegation of their bill.

**2. SAME—EXCEPTIONS.**
The doctrine that exceptions to the answer for insufficiency are confined to cases where complainants are compelled to rely on defendants to prove their case, and are not properly taken where all the matters concerning which complainants ask discovery are of record, does not apply to bills for relief.

**3. SAME—PARTITION—DISCOVERY.**
In a bill for partition, averments that complainants and defendants are tenants in common of the land sought to be partitioned, being in support of complainants' case, defendants are bound to discover their title in answer thereto.

In Equity. Bill for partition.
*C. W. Cowan, Howard Ferris,* and *H. T. Fay,* for complainants.
*Lincoln, Stephens & Lincoln* and *Bateman & Harper,* for defendant.

SAGE, J. This cause is before the court upon exceptions for insufficiency to the answer of the defendant John Keeshan to the second amended bill, and to the amendment thereto. There are 24 exceptions. It is not necessary, nor would it come within the ordinary limits of an opinion, to set them out at length. The bill is for partition. There are 200 or

300 defendants, each holding one or more lots of the tract described in the bill, but all averred to be tenants in common with the complainants, who sue as heirs of Mary Jane Barr. It is averred in the amendment to the second amended bill that William Barr, Sr., died in 1816, seised of the real estate in the second amended bill fully described, also that he died testate, and that his will was admitted to probate; and the terms and conditions of said will are set forth in said amendment. It is further averred that upon the death of said Mary Jane Barr said real estate descended, by virtue of the facts set forth in said amendment, and of the laws of descent then in force in the state of Ohio, to the brothers and sisters of William Barr, Sr., and to the lineal descendants of those of them who are deceased. Also, that certain conveyances were made by Maria Bigelow, life-tenant of said real estate, and that certain other conveyances were subsequently made by her grantees, of lands of which said William Barr, Sr., died seised, and in which the complainants claim an interest as co-parceners; and that in said conveyances under which the defendants claim, and in certain legal proceedings concerning said lands, the same including the premises now occupied and claimed by the defendant Keeshan, there are recitals, binding upon him and the other defendants, indicating the recognition of the co-tenancy claimed by complainants, and inconsistent with the claim that defendants have held adversely more than 21 years, and thereby acquired exclusive rights. The exceptions are to the failure of the defendant Keeshan to answer any of said averments.

The first proposition urged for the defendant is that exceptions for insufficiency are confined to cases where the complainants are compelled to rely upon the defendants to prove their case, and that all the matters concerning which the complainants ask discovery are matters of record; also, (citing *Ingilby* v. *Shafto*, 33 Beav. 31,) that discovery will never be compelled merely for the purpose of saving the complainants the labor of collecting and presenting their proof. The cases cited in support of this proposition are cases where the holding was with reference to bills for discovery merely, or where the question was considered as it arises on such bills. For illustration, in *Ex parte Boyd*, 105 U. S. 656, the court said that it had nothing to do with any question but that of discovery. Also, in *Ingilby* v. *Shafto*, the bill was for discovery merely, in aid of the defense of actions of ejectment, and the court held that a complainant in such a case was not justified in coming into equity for the purpose, merely, of getting the defendant to admit documents, to save him the trouble of proving them. The court further said that there was a distinction between a bill for discovery, merely, and a bill asking for relief. Discovery is sought in both cases. In the latter, it is sought with reference to the case stated and the relief prayed by the bill, and the complainant may, within certain limits, call upon the defendant to state how, and on what ground, he can oppose the relief asked; because in such a suit the complainant may disprove the whole of it. But the court further said that, when the discovery is asked in aid of an action at law, all that the complainant can ask is for the discovery of facts and

documents in the defendant's possession, knowledge of which will assist complainant in proving his own title in the action. Further on the court say that in bills for relief the complainant may compel the defendant to answer what defense he makes to the case, and on what grounds; and that is so for the reason that the court requires the case of each party to the suit to be pleaded, in order that neither may be taken by surprise. The case before the court is for relief, and not for discovery merely; and *Ingilby* v. *Shafto* is, properly considered, an authority against the defendant, and not in his favor. The complainant has the right to anticipate defenses, and to introduce into his bill, originally, or by amendment, by proper averments, a statement of the facts upon which he expects to rely to overcome those defenses. He is entitled to an answer to every material allegation in his bill of complaint, if for no other reason, in order that he may know precisely what is admitted, and what he will be required to establish by proof. The case of *U. S.* v. *McLaughlin*, 24 Fed. Rep. 823, is cited as an authority that an answer cannot be required without interrogatories, general or special; and counsel insist that the amendments to the complainants' second amended bill contain no interrogatories of any description whatever. But these amendments do not constitute an independent pleading. They are only amendments to, and therefore a part of, the second amended bill. It is to be remembered that under the fortieth equity rule special interrogatories are not necessary, excepting where the bill is for discovery merely. But, say the defendant's counsel, there is not even a general interrogatory in the second amended bill. In this counsel are in error. · The second amended bill contains a prayer that the defendants may each be required "to answer unto the premises;" and *Ames* v. *King*, 9 Allen, 258, is a satisfactory authority that that is a good general interrogatory. Moreover, the interrogating part of a bill is not regarded by Justice Story as absolutely necessary, because, as he says in his works on Equity Pleading, § 38, "if the defendant fully answers to the matters of the bill, with their attendant circumstances, or fully denies them, in the proper manner, on oath, the object of the special interrogatories is completely accomplished." So, also, in Langdell on Equity Pleading, § 55, it is stated that all the substance of a bill in equity is contained in the stating part, the charging part, the interrogating part, and the prayer for relief; and that of these the second and third may be dispensed with, at the option of the draughtsman, "for all that ever was essential to a bill was a proper statement of the facts which the plaintiff intended to prove, a specification of the relief which he claimed, and an indication of the legal grounds of such relief."

The next contention by counsel for the defendant is that complainants are not entitled to discovery of defendant's title, and that they must rely upon the strength of their own title, and not upon the weakness of his. There is no doubt of the correctness of the general proposition here stated, as applied to bills for discovery. The rule, and the reason for it, are well stated in Bispham's Principles of Equity, § 561:

"The defendant is bound to discover those matters only which relate to the plaintiff's title, and is not compellable to discover his own title, or the means

by which he expects to prove it. The reason of this rule is that experience has shown that the possible mischiefs of surprise. at a trial are more than counterbalanced by the danger of perjury which must inevitably be incurred when either party is permitted before a trial to know the precise evidence against which he has to contend; and, accordingly, each party in a cause has thrown upon him the *onus* of supporting his own case, and meeting that of his adversary, without knowing beforehand by what evidence the case of his adversary is to be established, or his own opposed."

But the author continues:

"This reasoning, however, is not to be extended too far, for the right of the plaintiff to discovery in support of his own case is not to be abridged, as to any particular discovery, by the consideration that the matter of such particular discovery may be evidence of the defendant's case, in common with that of the plaintiff."

So, in Story, Eq. Pl. § 859, if the documents and papers of which discovery is sought "relate solely to the defendant's title, they will not be required to be produced. If they relate to the plaintiff's title, they will." Now, here the question upon which the right to partition depends is whether the complainants and the defendant are co-tenants; and the averments which the defendant has failed to answer are directly in point. They set forth what title the defendant has; how it has been derived; that it is for an undivided interest only, and not the entirety. These averments are therefore in support of the complainants' case for partition. And right here it may be remarked that not one of them calls for any disclosure by the defendant. All relate to matters of public record. The complainants do not call for the production of a single deed or title paper of any description. They have no need to do so. Certified copies from the record are by the statute law of the state competent and sufficient evidence,—better, in fact, than the originals. There is therefore no danger of perjury because of full and complete answer by the defendant. It is only technically that it can be said that the amended bill, as amended, calls for discovery. It is true that there are averments that the defendant, and those under whom he claims, have not now, nor have they ever had, any title other than that set forth by the complainants; but no disclosure in that behalf is called for,—nothing more than an admission or denial.

The fourth exception relates to the failure of the defendant to answer averments that Lot Pugh, on or about the 13th of September, 1839, quitclaimed all his interest in certain premises, included in the lands now sought to be partitioned, to Ephriam Morgan. Counsel for defendant wish to know what those averments have to do with the complainants' case. The answer is that prior averments set forth that, after the death of Mary Jane Barr, Maria Bigelow, the life-tenant of said premises, quitclaimed the same to Lot Pugh and Ephriam Morgan; and the averments with reference to which the inquiry is made set forth that Ephriam Morgan subsequently, by quitclaim from Lot Pugh, acquired the entire interest conveyed by Maria Bigelow; these being links in the chain of defendant's title, and, what is more to the point, in the line of conveyances indicating that the complainants and the defendants are tenants

in common, or, in other words, that the complainants are entitled to partition of the land occupied by the defendants. *Gaines* v. *Agnelly*, 1 Woods, 238, is not in conflict with the views here expressed. There the complainant claimed certain lands as devisee of Daniel Clark. The bill called upon the defendants to show their title to the particular portions of said land claimed by them. The defendants set up title in themselves by prescription, under the laws of Louisiana, and failed to make the disclosures called for. The complainant excepted for insufficiency. Bradley, Circuit Justice, in disposing of the exceptions, said, (page 244:)

"Had the bill charged that the defendants claimed title to the lands in their possession under Relf & Chew, acting as executors of Daniel Clark, it might, perhaps, have been incumbent on the defendants to have cleared their possession of the imputation thus cast upon it. But no such charge is made in the bill. On the contrary, the bill expressly states that the complainant is ignorant of the title, and claim of title, by which the defendants severally hold, and calls upon the defendants to show their title. The defendants do show title sufficient to lay the foundation of a prescription; and on that defense they take their stand. It seems to me that they are not called upon to answer further. The bar set up is *prima facie* a good defense; and the exceptions must be overruled."

The difference between that case and this is that here not only do the complainants charge that the defendant claims title to the land in his possession under Mary Jane Barr, under whom the complainants claim by inheritance, but the complainants also charge that the defendant, and the heirs of Mary Jane Barr and their grantees, under whom he claims, have not now, nor have they ever had, any title other than that set forth by the complainants. This case is within the very exception stated by Justice Bradley, which he says might have made it incumbent on the defendants to clear their possession of the imputation thus cast upon it; and it is therefore an authority in favor of the complainants' exceptions. It is not necessary to go further into particulars. Enough has been said to make it clear that the exceptions must be sustained, and the defendant required to answer fully.

The motion to suspend proceedings until complainants establish their title at law will remain undisposed of until after the defendant answers in accordance with the entry to be made under this opinion. It may be said now, however, that this is not a cause to be dismissed, if it shall appear that the complainants' title is disputed. The case was brought in the state court under the Code, which abolished all distinctions between actions at law and suits in equity, so far as relates to name and form, and substituted the civil action as the only form of action at law or in equity, excepting only proceedings specially provided for by statute. The case is here by removal; and if the court shall be satisfied that it is necessary for the complainants to establish their title at law it will at the proper time make an order staying proceedings and for the trial at law of the question of title. The court will first, however, see to it that the pleadings are complete, and that the parties respectively have opportunity to take and file the depositions of any witnesses whose testimony, by reason of their age or infirmities, may be lost by delay. It

has been held that the bare denial of complainant's title is not any obstacle to the court's proceeding in equity.

"The defendant must answer the bill; and, if he sets up a title adverse to the complainant, or disputes the complainant's title, he must discover his own title, or show wherein the complainant's title is defective. If, when the titles are spread before the court upon the pleadings, the court can see that there is no valid legal objection to complainant's title, there is no reason why the court should not proceed to order the partition." *Lucas* v. *King*, 10 N. J. Eq. 280.

So, also, in *Overton's Heirs* v. *Woolfolk*, 6 Dana, 374, the court said.

"If a bare denial of the title, where there was no reasonable doubt or suspicion attending it, would authorize the dismissal of the complainants' bill, it would place this equitable jurisdiction, which has been established by a long train of decisions, and is deemed of much public convenience, at the mercy of every profligate or unconscientious defendant, and render the court the mere ministerial agent to carry into effect the wishes of the parties, in cases where there were no matters of controversy between them."

There is no objection to the filing of the demurrer tendered by the defendant Keeshan and other defendants to the portions of the second amended bill, and the amendment thereto specified in the exceptions to Keeshan's answer. The defendants think it a proper precaution to file the demurrer, and have it passed upon in order to save their rights, and the court is disposed to accommodate them. But, as the questions presented are in no wise different from those considered in this opinion, an entry will be made sustaining the exceptions, and overruling the demurrer.