### MONARCH VACUUM CLEANER CO. v. VACUUM CLEANER CO.

(District Court, S. D. New York. February 15, 1912.)

1. EQUITY (§ 316*)—ANSWER—EXCEPTIONS—OATH—WAIVER.
   In a suit against a corporation, the sufficiency of its answer is not affected by a waiver of answer under oath in the bill, since a corporation need not answer under oath.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 618; Dec. Dig. § 316.*]

2. EQUITY (§§ 188, 189*)—LIABILITY OF CORPORATION.
   Though a corporation need not answer a bill under oath, it is subject to discovery, and must make the discovery under seal.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 431, 432; Dec. Dig. §§ 188, 189.*]

3. EQUITY (§ 182*)—ANSWER—SUFFICIENCY.
   Where defendant in equity elects to answer the bill, it must answer the charges in the bill in full.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 413, 418–421; Dec. Dig. § 182.*]

4. EQUITY (§ 188*)—PLEADING—NEGATIVE PLEA—ANSWER.
   Under equity rule 39 (29 Sup. Ct. xxviii), where defendant incorporates the contents of a negative plea in the answer, he may obtain the effect of such negative plea to avoid discovery.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 431; Dec. Dig. § 188.*]

5. EQUITY (§ 188*)—PLEA—BARRING DISCOVERY.
   Where an answer in equity contains an affirmative plea, good in substance, or a valid negative plea, complainant's right to discovery is barred under the thirty-ninth equity rule, at least as to evidence not tending to controvert the plea or material to the issue.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 431; Dec. Dig. § 188.*]

6. EQUITY (§ 189*)—PLEADING—ANSWER.
   Under the thirty-ninth equity rule, authorizing a defendant to avail himself of matters of defense previously pleadable in bar by alleging the same in the answer, defendant should take issue with one of the stating parts of the bill, and then answer fully any charges of evidence in support thereof, and decline to make further discovery; but, not having done this, and having undertaken to make apparently full discovery, but failed as to one particular, its answer was subject to exception, since such rule did not abrogate the prior rule that he who submits himself to answer in equity must answer fully.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 432; Dec. Dig. § 189.*]

In Equity. Bill by the Monarch Vacuum Cleaner Company against the Vacuum Cleaner Company. On exceptions for insufficiency to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the answer of a corporation in a cause in which the bill had waived answer under oath. Exceptions sustained.

Robert L. Hoguet, for complainant.

George H. Gilman, for defendant.

HAND, District Judge. [1, 2] I cannot see what possible difference the waiver of the oath makes, because a corporation need not answer under oath anyway. Colgate v. Compagnie Francaise du Telegraphe de Paris (C. C.) 23 Fed. 82; Gamewell Fire Alarm Tel. Co. v. Mayor (C. C.) 31 Fed. 312. Still we all know that a corporation is subject to discovery, and must make it under its seal. Hence the very vexed and confused question is not open as to the effect upon the extent of discovery of a waiver of the oath.

[3] The first exception is good, because the answer is not full, and the defendant could not have protected itself from discovery as to that by a negative plea, without an answer in support which would give a full discovery upon that part of the charges of testimony in the bill.

[4, 5] The second exception is more difficult, because as to the discovery there asked for the defendant by negative plea and adequate answer in support thereof could have prevented discovery as to the untruth of the allegations. Now, under the thirty-ninth equity rule the effect of such a plea may be obtained by incorporation of its contents in the answer itself. It is settled that, if an answer contains a good affirmative plea in substance the right to any discovery is barred. Gaines v. Agnelly, 1 Woods, 238, Fed. Cas. No. 5,173; Samples v. Bank, 1 Woods, 523, Fed. Cas. No. 12,278. I cannot really see how the rule can be different where the answer contains what would be a valid negative plea. In such a case the discovery is limited to so much of the evidence charged as tends to controvert the plea, or is material to the issue. Other discovery the rule seems to take away.

[6] In the case at bar, however, the defendant has not attempted to plead its answer as a plea, or at least to take advantage of rule 39. To do that it should have taken issue with one of the stating parts of the bill, and then answered fully any charges of evidence in support of it. It should then have declined to make any further discovery. I cannot think that the rule means that the defendant, having undertaken to make apparently full discovery, a part of which he need not make under the rule, may stop in midcourse as soon as he comes to a point where further discovery becomes embarrassing. Thus the defendant here might have denied the statement of the fraudulent representations, and, if his discovery had covered all charges of evidence upon those statements, he need have discovered nothing as to the truth of the facts alleged to have been misrepresented. This would have been to use his answer as a negative plea and to refuse discovery. However, the defendant did nothing of the sort, but answered quite fully as to the truth of the facts alleged to have been misrepresented, except in respect of the single particular now challenged. Surely the thirty-ninth rule never meant that; it never meant wholly to abrogate the rule that he who submits himself to answer must

answer fully. What it did mean was, I think, that one should have the advantage of a plea without its peril, which was that when one pleaded one staked the case on the plea alone. Just how discovery was to be obtained at all, if the answer contained a well-pleaded plea and refused full discovery, is not apparent; but parties could already be examined when the rule was promulgated.

I hope that within a few months all these archaisms may yield to a new set of rules, which it will be less labor to resuscitate and apply when the need arises. Everybody now has lost touch with the spirit of the old. It is quite obvious here that neither pleader intended to separate "statement" from "charge" in the bill, or pleading from discovery in the answer. The rules of equity pleading fit the pleadings no better than small clothes would suit as professional costume for the counsel. However, while they last, I suppose we must try to interpret them as they were meant, with so much historical imagination as we can summon.

Exceptions sustained.