## HUNTINGTON *v.* SAUNDERS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Argued December 22, 1886. — Decided January 17, 1887.

While a creditor who finds specific property of his debtor in the hands of the debtor's wife to whom it had been assigned by the debtor before bankruptcy may follow it and have it appropriated to the payment of his debt, a judgment *in personam* for its value cannot be taken against her in case the property itself cannot be found. *Phipps* v. *Sedgwick*, 95 U. S. 3, and *Trust Co.* v. *Sedgwick*, 97 U. S, 304, affirmed.

A bill in equity against husband and wife by the assignees in bankruptcy of the husband, which alleges that the husband before the bankruptcy transferred a large amount of personal property in the form of bonds, stocks, &c., to the wife for the purpose of concealing the same from his creditors, and delaying, hindering, and defrauding them, and in contemplation of bankruptcy, and which does not describe the property, but avers inability to do so, and which waives answer under oath and asks as relief for a transfer to the assignee of the property in whatever form it may exist, as assets of the bankrupt, sets forth no case for relief in equity, and should be dismissed on demurrer.

THIS was a bill in equity, which was dismissed on demurrer. The case is stated in the opinion of the court.

*Mr. George W. Parke* for appellants.

*Mr. Henry C. Hutchins* and *Mr. James H. Young* filed a brief for appellees ; but the court declined to hear argument.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from the Circuit Court of the United States for the District of Massachusetts.

It was decided in that court upon a demurrer to the bill of complaint, the demurrer being sustained and the bill dismissed. The bill was brought by the present appellants, as assignees in bankruptcy of William A. Saunders, against said William A. Saunders and Mary P. Saunders, his wife, and, after alleging that, by due course of proceeding, William A. Saunders had been adjudged a bankrupt and the plaintiffs appointed assignees of his estate, it proceeds to say that they have discovered, within one year, "and been first informed of facts and circumstances upon which they believe, and therefore aver, that the said bankrupt, without consideration, transferred to and placed in the hands of his wife, the said Mary P. Saunders, a large amount of personal property in the form of money, bonds, stocks, and other securities, none of which can your orators more particularly describe, because all particular information is refused by the bankrupt and his wife and the persons managing the property for them, and because the same has been invested for income, and often changed in form by reinvestment and in pursuance of devices for more effectual concealment." Then it is further averred, that "said property is of the value of about forty thousand dollars, and was so transferred by said bankrupt to his said wife for the purpose of concealing the same from his creditors and from these assignees, and to delay, hinder, and defraud his creditors, he being then deeply indebted, and to an amount wholly beyond his means and ability to liquidate and pay, so that he was hopelessly insolvent and in contemplation of bankruptcy." The prayer of the bill is "that said Mary P. Saunders, the respondent, may fully, truly, and particularly answer this bill, but not under oath, which is hereby waived," and for a decree that

said property may be held to belong to the assets of said William A. Saunders in bankruptcy, and the respondent compelled to transfer and deliver the property, or the proceeds thereof, in whatever form existing, to the plaintiffs, as assets of the bankrupt, and for further and other relief.

The imperfections of this bill are very obvious.  Counsel for appellants, conceding the doctrine of *Phipps* v. *Sedgwick*, 95 U. S. 3, and *Trust Co.* v. *Sedgwick*, 97 U. S. 304, that a wife cannot be held liable to a personal judgment for money received of her husband during the marital relation; argues that this bill is an attempt to proceed against a fund in her hands; but as no particular fund is named, as no particular set of securities or description of them is given in the bill, as no place is named where they are deposited, nor any person, even the wife, as holding them, as no real estate is mentioned as belonging to this fund, as the nature and character of the conversion made of the fund after it came to the hands of the wife is not set forth, it seems impossible to maintain such a bill as seeking to lay hold of and appropriate a particular fund coming from the bankrupt himself, or even the proceeds of such a fund.  As was very pertinently asked by the circuit judge in his opinion sustaining the demurrer, what relief could be given by the court, or what decree could be granted on this bill, if it were taken *pro confesso*, no opposition being made to it?  14 Fed. Rep. 907.  It is not possible to see what decree could be made or what relief could be given.  It is not a bill of discovery, because the answer under oath of the defendant is expressly waived.  No interrogatories are propounded to either of the defendants; no effort made to obtain from them, or either of them, by way of sworn answer, anything which could be used as evidence in the case.  An issue of a general denial of the truth of the bill would leave nothing on which evidence could be introduced.  It is in fact what is familiarly known as a fishing bill.  The plaintiffs allege no distinct fact which the defendants or either of them can be called upon to deny. . The plaintiffs do not say positively that any of the allegations of the bill are true, but the substance of what they say is, that they have received certain information which

excites their suspicion; and this information is so vague, so uncertain and indefinite as it regards any fund or any particular sum of money or bonds, or any time or occasion when they were placed in the control of the female defendant, that, unless we are prepared to establish the proposition, that whenever a married woman is suspected of having received money from her husband to the prejudice of his creditors, she must be brought up to answer, and not under oath, as to what she has done with it, this bill must be held to be insufficient.

In the case of *Phipps* v. *Sedgwick*, 95 U. S. 3, which is a case somewhat analogous to this, this court said: "While the statutes of New York have recognized certain rights of the wife to deal with and contract in reference to her separate property, they fall far short of establishing the principle that out of that separate property she can be made liable for money or property received at her husband's hands, which in equity ought to have gone to pay his debts. Equity has been ready, where such property remains in her hands, to restore it to its proper use, but not to hold her separate estate liable for what she has received, and probably spent at his dictation. Such a proposition would be a very unjust one to the wife still under the dominion, control, and personal influence of the husband. In receiving favors at his hands, which she supposed to be the offerings of affection, or a proper provision for her comfort, she would be subjecting that which was her own, or which might afterwards come to her from other sources, to unknown and unsuspected charges, of the amount and nature of which she would be wholly ignorant. It answers the demands of justice in such cases if the creditor, finding the property itself in her hands or in the hands of one holding it with notice, appropriates it to pay his debt. But, if it is beyond his reach, the wife should no more be held liable for it than if the husband himself had spent it in support of his family, or even of his own extravagance."

To this principle we adhere; and, as there is no statement or description or reference in this bill to any fund now existing arising out of the bankrupt's gift to his wife, and no call for discovery in regard to any such fund, but an express waiver

of an answer under oath, we think the bill was properly dismissed.

*Affirmed.*