UHLMANN *et al. v.* ARNHOLT & SCHAEFFER BREWING Co.    SAME
*v.* BETZ *et al.*    SAME *v.* GERMANIA BREWING Co.[1]

*(Circuit Court, E. D. Pennsylvania.    January 29, 1890.)*

1. EQUITY—PLEADING—BILL—INTERROGATORIES—MATERIALITY.
   The criterion of immateriality of interrogatories in a bill in equity is not whether an affirmative answer will prove the bill, but whether it will tend to prove the bill.
2. SAME—ANSWERS—WAIVER OF OATH—EVIDENCE.
   A defendant, in a bill for discovery and relief, whose oath has been waived, is not thereby excused from answering, and the only effect of dispensing with the oath is to deprive him of the benefit of his own declarations. Admissions contained in such answers are evidence against him.

In Equity.    *Sur* exceptions to answers.

Bills in equity by Simon Uhlmann and Frederick Uhlmann against the Germania Brewing Company, the Arnholt & Schaeffer Brewing Company, John F. Betz, and John F. Betz, Jr., for discovery and relief. The complainants dispensed with the requirement of an oath to respondents' answers. Respondents refused to answer, alleging the immateriality of the interrogatories, and the fact that complainant dispensed with the oath to the answer. Complainants excepted.

*Wetmore & Jenner*, for complainants.

*Witter & Kenyon*, for respondents.

BUTLER, J.    The respondents have ignored the interrogatories propounded, and put their supposed right to do so on the ground—*First,* that the interrogatories are immaterial; and, *second,* that the waiver of an oath dispenses with an answer.

As respects the first proposition, we disagree with the respondents. The criterion of immateriality is not whether affirmative answers will prove the bill, but whether they will tend to prove it. That they will so tend we cannot doubt. This applies to each of the interrogatories. Nothing further need be said on this subject.

The second position—that the waiver of an oath dispenses with an answer—is, we believe, equally untenable. Whether the oath is dispensed with by law, as in the case of corporations, or by the complainant, is immaterial. The two classes of answers belong to the same category in this respect, and no distinction need be made in considering the point raised. The real question is, can respondents in such cases be required to make discovery? The proposition that they cannot, rests upon an allegation that the answers will not be evidence. This allegation is, clearly, unfounded, and the proposition falls with it. The answers will be evidence, if the complainants choose to use them for this purpose. Any admissions contained therein will be available to support the bill. The only effect of dispensing with the oath is to deprive respondents of the benefit of their own declarations. They are not relieved from making discovery. The citations appealed to (*U. S. v. McLaughlin,* 24 Fed.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

Rep. 823; *Bartlett* v. *Gale*, 4 Paige, 504; *McCormick* v. *Chamberlin*, 11 Paige, 545; and 1 Barb. Ch. Pr. 177) cannot be regarded as an authority for the proposition. What is said in *U. S.* v. *McLaughlin* is a *dictum* merely. No such question was involved. The respondents' oath was not waived. No interrogatories whatever were propounded, or answers required, and the decision was put on this ground alone. The court says: "There is in the bill no demand for an answer, general or specific, upon which that exception [to the insufficiency] can rest. The bill is not framed for the purpose of procuring evidence, but is evidently for relief merely. I shall therefore overrule that exception." It has been held that no exception will lie, except where an interrogatory, either special or general, calls for an answer to the bill, and "in our present practice, under the provisions of equity rules 41–43, which permit a complainant, if he desires, to file interrogatories, * * * I apprehend that a general interrogatory would be insufficient. But, however that may be, the bill in this case is in no sense a bill of discovery, excepting so far as all bills in which an answer under oath has not been waived may * * * be regarded as bills of discovery. It contains no general interrogatory, and no specific interrogatory pointing to the matter set forth in the exception, and manifestly was not intended as a bill of discovery, but as purely a bill for relief. Though an answer upon oath is not waived, yet no demand in the nature of those which distinguish a bill of discovery is made. * * * It is manifestly intended simply as a bill for relief, the complainants not seeking evidence, but intending to rely upon the testimony of witnesses to prove their case."

We repeat, this case is not authority for the respondents' position. The *dictum* cited is founded, as the report shows, on a foot-note to 2 Daniel, Ch. Pr. 879. This note (by the American editor) places unsworn answers by corporations, and other defendants whose oaths are expressly waived, in the category of those by infants and the attorney general; and cites 2 Halst. Dig. N. J. 173; 1 Barb. Ch. Pr. 176; and *Bartlett* v. *Gale*, 4 Paige, 504,—as authority for this. The citations, however, do not warrant the note. The statement in Halstead rests on a supposed decision by Chancellor WILLIAMSON, of New Jersey, in *Wallace* v. *Wallace*, an unreported case. The supposition may be correct; but this is quite uncertain. If correct, however, the case cannot be regarded as authority, in view of what is subsequently said of it by the same court in *Reed* v. *Insurance Co.*, 36 N. J. Eq. 393. It is there doubted whether *Wallace* v. *Wallace* was correctly understood, and the question decided the other way. Abundant reason is given for this decision. The text of 2 Daniel, to which the note is appended, that answers by infants and the attorney general are not liable to exception, is accurate; but this does not tend to support an inference that the same is true of unsworn answers by others. Infants are wards of chancery, in England, and the attorney general represents the crown. They are therefore exempt from discovery; and need not answer at all. The statement in 1 Barb. Ch. Pr. 176, is also founded on the supposed decision in *Wallace* v. *Wallace*, and a special rule of the New York chancery. *Bartlett* v. *Gale* contains

nothing important to the subject. *McCormick* v. *Chamberlin*, 11 Paige, 545, cited by respondents, turned on the specific rule of the New York court of chancery, which is, of course, inapplicable here. In *Colgate* v. *Compagnie Francaise*, 23 Fed. Rep. 82, the question before us was directly involved, was very fully considered, and decided by Judge WALLACE against the respondents, a corporation. What is there said applies as fully where an oath is dispensed with by the complainant. The exceptions are sustained, and an order will be entered accordingly.