CALEB GOODWIN *et al.*

*v.*

ALEXANDER BISHOP.

*Filed at Ottawa, May 9, 1893.*

1. USURY—*paying commission to the agent making the loan.* A party borrowing $5,000, for which sum he gave his notes, paid to the agent who procured the loan $125, without the knowledge of the lender, which sum was not paid for his use: *Held,* that such payment did not render the loan usurious.

2. SAME—*paying attorney's fee for examining title to land mortgaged.* Where a party borrows a sum of money, for which he gives his note secured by deed of trust for the full amount, and by his direction $50 is paid to the attorneys for an examination of the title to the property mortgaged, such payment will not render the transaction usurious.

3. SAME—*in defense to a bill to foreclose—sufficiency of answer.* On bill to foreclose a deed of trust, made to secure a principal note of $5,000 given for the loan of that sum, the defendants in their answer alleged, "that they did not, nor did either of them, receive the full sum of $5,000 from said complainant, at the time of making such loan, nor at any time, nor did they receive any money at the date of said notes and trust deed, and so these respondents say that the amount claimed by said complainant is largely tainted with usury:" *Held,* that conceding the allegations of the answer to be true, it by no means followed that the contract was usurious.

4. If a party to a bill in equity desires to set up and rely on the defense of usury, he must allege the facts showing wherein the usury consists. A general charge of usury in an answer is not sufficient.

5. MORTGAGE—*allowing attorney's fee on foreclosure.* Where a deed of trust contains a provision that in case of suit or proceedings to foreclose, the proceeds of sale shall, among other things, be applied to pay an attorney's fee of five per cent upon the amount received, the court, on foreclosure, will be justified in allowing a solicitor's fee of five per cent on such amount.

6. CHANCERY—*computing interest subsequent to master's report.* Where interest has accrued after the filing of the master's report and prior to the entry of the decree, the court will have the right to again refer the cause to the master to determine the amount due up to the time of the decree, or the court may compute the interest without a reference.

7. SAME—*demurrer to answer—exceptions.* It is a rule of chancery practice, that when an answer is defective it must be excepted to, a demurrer not being allowable. But when the answer is not under oath, ex-

ceptions will not lie to it, for the reason such answer is not evidence for the party making it.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. M. F. TULEY, Judge, presiding.

Mr. LYMAN M. PAINE, for the appellants:

Unless the court can confirm the master's report, as made, the strict rules of practice require a re-reference. *Beale* v. *Beale,* 116 Ill. 292.

The answer of appellants sets up the defense of usury. It may be objected that the answer is defective in failing to set up all the details of the usury. But no exception is taken on that ground. Besides, when usury is apparent, it need not be pleaded. *Bank* v. *Barton,* 21 App. 403; *Stockham* v. *Munson,* 28 Ill. 52; *Drake* v. *Latham,* 50 id. 270.

It appears that the loan was at seven per cent for three years. That would allow appellee to absorb $150 under almost any pretense before he would be chargeable with usury, according to *McGovern* v. *Life Ins. Co.,* 109 Ill. 151. It appears probable in this case, from the evidence, that the commission of $125 was paid to the lender direct. If Lowe was not acting for himself, then he was agent for Bishop, not for appellants.

An attorney's fee of $50 was paid for examination of title by direction of Mr. Goodwin. Appellants were entitled to have $5,000 in cash, or to have the same expended in discharging incumbrances upon the property. It is not enough that the money was paid to the lender's agent or broker or attorney by direction of the borrower. The money must go direct to the borrower or to the payment of his legitimate obligations. The payment to Bishop's agent or to Bishop's attorneys was, in effect, a payment to Bishop, and since these items amount to $175, the transaction became tainted with usury, and the court

should have so decreed. This subject has been before the courts of this State quite frequently of late, and the law is well settled. *Payne* v. *Newcomb,* 100 Ill. 611; see, also, *Jackson* v. *May,* 28 App. 305; *Ammondson* v. *Ryan,* 111 Ill. 506; *Barton* v. *Farm. Nat. Bk.,* 122 id. 354; *Haldeman* v. *Mass. M. L. Ins. Co.,* 120 id. 392; *Barry* v. *Guild,* 126 id. 443; *Sanford* v. *Kane,* 133 id. 199; *Fowler* v. *Equitable Trust Co.,* 141 U. S. 384.

As to the allowance of solicitor's fee, see *Cheltenham Imp. Co.* v. *Whitehead,* 26 App. 609; *Payette* v. *F. H. B. L. & H. Assn.,* 27 id. 607.

Messrs. MARSTON, AUGUR & TUTTLE, for the appellee:

Usury must be pleaded. R. S., ch. 74, sec. 7.

The defense of usury can not be relied upon, unless it is sufficiently pleaded and proved by a clear preponderance of the testimony. *Hoskins* v. *Cole,* 34 Ill. App. 541; *Moshier* v. *Norton,* 83 Ill. 519; *Durham* v. *Tucker,* 40 id. 520; *Frank* v. *Morris,* 57 id. 138; *Boylston* v. *Bain,* 90 id. 283.

Exception will not lie to an answer not under oath. *Brown* v. *Mortgage Co.,* 110 Ill. 235; *Supervisors* v. *M. & W. R. R. Co.,* 21 id. 366.

The difference between the rate per cent allowed by law and the rate reserved in the notes can be received as commissions or otherwise without rendering the loan usurious. *McGovern* v. *Life Ins. Co.,* 109 Ill. 151; *Brown* v. *Mortgage Co.,* 110 id. 235.

Payment by borrower of charge for examination of abstract and making out papers is proper. *Ammondson* v. *Ryan,* 111 Ill. 506.

Brokers negotiating loans of other people's money may charge the borrower commissions, without making a loan at the full rate of legal interest usurious. *Hoyt* v. *Pawtucket Inst.,* 110 Ill. 390; *Cox* v. *Life Ins. Co.,* 113 id. 382; *Brown* v. *Mortgage Co., supra; Fowler* v. *Trust Co.,* 141 U. S. 384; *Boylston* v. *Bain,* 90 Ill. 283; *Telford* v. *Garrels,* 132 Id. 550.

A provision in the trust deed for the allowance of solicitor's fees is proper, and will be sustained. *Fowler* v. *Trust Co.*, 141 U. S. 411; *Barton* v. *F. & M. Nat. Bank*, 122 Ill. 352; *Haldeman* v. *Massachusetts Ins. Co.*, 120 id. 390; *McIntyre* v. *Yates*, 104 id. 491; *Telford* v. *Garrels*, 132 id. 550.

A reference to a master is not necessary, unless the accounts are complicated and the testimony conflicting. *Beale* v. *Beale*, 116 Ill. 292; *French* v. *Gibbs*, 105 id. 523.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by M. E. Lowe, trustee, and E. F. Bayley, successor, to foreclose a certain trust deed, executed by Caleb Goodwin and Elizabeth Goodwin, to secure seven promissory notes made payable to themselves and endorsed to Alexander Bishop,—one note for $5,000, due in three years after date, and six interest notes, for $175 each. The note of five thousand dollars was given for a loan of that amount of money loaned by Bishop to Goodwin, and the defense attempted to be set up in the answer was, that the transaction was usurious. The answer setting up usury, is as follows:

"And these respondents say that they did not, nor did either of them, receive the full sum of $5,000 from said complainants at the time of making said loan, nor at any time, nor did they receive any money at the date of said notes and trust deed, and so these respondents say that the amount claimed by said complainants is largely tainted with usury."

If a party to a bill in equity desires to set up and rely upon the defense of usury, he must allege the facts showing wherein the usury consists. A general charge of usury in an answer is not sufficient. *Mosier* v. *Norton*, 83 Ill. 519. The allegation of the answer may be true, and it by no means follows that the contract between the parties was usurious. The gist of the answer is that the defendants did

not receive the full sum of $5,000, nor did they receive any money at the date of the notes. Suppose, however, the next day after the notes were executed they received $4,999, and allowed the mortgagee to retain one dollar to pay for recording the mortgage. This would be in harmony with the facts disclosed in the answer, and yet usury could not be established on such a state of facts. Where the defense of usury is relied upon, the facts constituting the usury should, as a general rule, be clearly set up in the answer and proved as alleged. But it is said, if the answer was insufficient the complainant ought to have filed exceptions. It is a rule of chancery practice, where an answer is defective, it must be excepted to, a demurrer is not allowable. *Stone* v. *Moore,* 26 Ill. 165. But where the answer is not under oath exceptions will not lie, because such answer is not evidence for the party making it. *Supervisors of Fulton County* v. *Miss. & Wab. R. R. Co.,* 21 Ill. 338; *Brown* v. *Mortgage Co.,* 110 id. 235. But even if the answer was sufficient, we do not think that the evidence establishes usury. Bishop loaned Goodwin $5,000, for three years, at seven per cent interest. Lowe testified that the money was disposed of as follows :

·Out of this loan Mr. Goodwin received $110.65 in cash. I paid Mr. Ward $4,640.41 on May 8, 1889, to take up his mortgage on this property. I paid the taxes, $73.94. I paid Bayley & Waldo $50 for examination of title, etc., by the direction of Mr. Goodwin, and Mr. Goodwin paid me a commission of $125.

These items make up the $5,000 loaned by Bishop, and it will be borne in mind that at the time the loan was made, eight per cent was a legal rate of interest. In order therefore to make out that a greater rate was exacted than eight per cent, it was necessary to prove that Bishop, or his agent, received the fifty and the one hundred and twenty-five dollars mentioned by Lowe in his evidence. As to the fifty dollars, it was paid by the direction of Goodwin to attorneys

for an examination of title to the property mortgaged, and under *Ammondson* v. *Ryan*, 111 Ill. 506, that was a legitimate transaction, and not usurious. As respects the other item, Goodwin paid that sum to Lowe for his services in procuring the loan. Lowe did not receive the money for Bishop, nor did Bishop, so far as appears, have any knowledge that Lowe received the money. If Goodwin saw proper to pay money to Lowe for his services, that did not render the loan made by Bishop usurious. *Ballinger et al.* v. *Bourland*, 87 Ill. 513; *Cox* v. *Life Ins. Co.*, 113 id. 382.

The court allowed a solicitor's fee of $250, and this is claimed to be erroneous. The deed of trust contains a provision that in case of suit, or proceeding for foreclosure, the proceeds of sale shall, among other things, be applied to pay an attorney's fee of five per cent upon the amount received. Under this clause of the deed of trust the court allowed the amount complained of, and we think the action of the court was fully authorized.

In computing the amount due on the notes, the master in chancery computed interest from the date of the notes, while it appeared from the evidence that the money was not paid over until a few days after the notes were executed. Objection being made, the court, on March 8, 1892, modified the report and deducted $11.72 for excess of interest computed. At the same time, as the amount found due by the master was computed only to the time the report was filed, November 30, 1891, the court added $95, to make up the interest from November 30, 1891, to the date of the decree, March 8, 1892. As interest had accrued after the report was filed, the court had the undoubted right to refer the cause to the master to determine the amount then actually due, or the court could, if it saw proper, compute the interest without a reference. Either course might be pursued and, as the court chose to pursue the latter, we perceive no objection to the action of the court. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*