## WHITTEMORE v. PATTEN et al.

(Circuit Court, S. D. California. May 10, 1897.)

EQUITY PLEADING—EXCEPTIONS TO ANSWER.

Exceptions will lie to an answer for insufficiency or impertinence, even though answer under oath is expressly waived; the bill being one for relief as well as for discovery.

This was a suit by Charles A. Whittemore against William H. Patten and Norman Stafford, copartners under the name and style of Patten & Stafford. The cause was heard on exceptions to the answer.

Haines & Ward, for complainant.
Trippet & Neale, for defendants.

WELLBORN, District Judge. The question now under submission is, not whether the answer is insufficient or impertinent in the particulars pointed out by the exceptions, but simply whether or not exceptions for insufficiency or impertinence will lie to an answer where the bill, being one for relief as well as discovery, waives an answer under oath. If this question be determined negatively, of course the exceptions, for that reason, will be disallowed. If, however, the determination of the question is in the affirmative, then the parties are to have further hearing as to the merits of the several exceptions. The authorities are not uniform on the question above stated. Defendants' contention, that exceptions will not lie to an answer, for insufficiency or impertinence, where the oath is expressly waived in the complaint, finds support in the following cases: Sheppard v. Akers, 1 Tenn. Ch. 326; Smith v. Insurance Co., 2 Tenn. Ch. 599; Bartlett v. Gale, 4 Paige, 504; McCormick v. Chamberlin, 11 Paige, 543; U. S. v. McLaughlin, 24 Fed. 823. In Smith v. Insurance Co., supra, the court says:

"An answer, where relief is sought, properly consists of two parts: First, of the defense of the defendant to the case made by the bill; and, secondly, of the examination of the defendant on oath as to facts charged in the bill, of which a discovery is sought. * * *

"If this double office of an answer is kept in mind, the propriety of the rule which disallows exceptions to the sufficiency of an answer will be obvious. For, as has been observed by Chancellor Walworth, the answer of a corporation, without oath, where the complainant does not require it to be sworn to, or supported by the sworn answers of the officers of the corporation, cannot be said to answer the double purpose of a pleading to put the material matters of the bill in issue, and of an examination of the defendant for the purpose of obtaining his evidence in support of the complainant's allegations; and it is for this latter purpose alone that the complainant makes a witness of his adversary in

the cause. Lovett v. Association, 6 Paige, 59. No doubt, exceptions will lie to the sufficiency of an answer, as a pleading, as well as to its sufficiency as a discovery. But, to use the words of the same great chancellor in another case, as the general denial of all the matters of the bill not before answered, with which the answer usually concludes, is sufficient as a pleading to put the several matters of the bill in issue, the principal object of the objections for insufficiency is to examine, the defendant on oath for the purpose of the discovery merely. Stafford v. Brown, 4 Paige, 90. The general denial with which an answer usually concludes is, 'without this, that any other matter in the bill contained is true.' This traverse was at one time thought to be essential to an issue, until otherwise ruled by Lord Macclesfield in an anonymous case, 2 P. Wms. 86. If exceptions were taken to the sufficiency of an answer not sworn to, as a pleading, the defendant, by adding the general traverse, would cover the defect, and nothing would be gained. Miller v. Avery, 2 Barb. Ch. 590. Exceptions of this character would consequently be of no advantage, and are never made. * * *

"I am clearly of opinion, therefore, that exceptions to the answer of a corporation under its corporate seal alone, as a discovery, will not lie, and that exceptions to such an answer as a pleading would be a useless form."

The conclusions of the court announced in the last paragraph of the above quotation are not, in my opinion, well drawn; and I shall adopt the principle of the cases below cited, that an answer may be objected to because of insufficiency even though answer under oath be waived by the complaint. Uhlmann v. Brewing Co., 41 Fed. 369. Equity rule 41 does not provide that, where answer under oath is waived in the bill, the answer shall not be evidence for any purpose; but the provision of the rule is that, under the circumstances therein stated, the answer shall not be evidence in the defendant's favor. Manifestly, the admission of the answer, however, may be used by the complainant in support of his bill. And the federal courts have repeatedly held that a corporation, although not compellable to answer under oath, can be required to answer fully every material allegation of the bill. Gamewell Fire-Alarm Tel. Co. v. Mayor, etc., 31 Fed. 312; Colgate v. Compagnie du Telegraphe, 23 Fed. 82. Nor is the other of said conclusions, that an exception to an answer as a pleading would be a useless form, tenable. On the contrary, it has been well said that the complainant "is entitled to an answer to every material allegation in his bill of complaint, if for no other reason, in order that he may know exactly what is admitted, and what he is required to prove." McClaskey v. Barr, 40 Fed. 559. See, also, Field v. Hastings & Bradley Co., 65 Fed. 279. In the last-cited case, answer under oath was expressly waived, and yet the court considered the exceptions upon their merits; overruling them, it is true, not, however, because exceptions were inappropriate to a case where answer under oath was waived, but because, in the language of the court, "the answers by admission or denial meet the substantial allegations of fact contained in the bill, and, being sufficient as pleadings, cannot be held to be insufficient on any other grounds." While it is true that, "if the answer neither admits nor denies the allegations of the bill, they must be proved upon the final hearing" (Young v. Grundy, 6 Cranch, 51, 7 Cranch, 549), yet where a denial is challenged on the ground that it is evasive, or a negative pregnant, the complainant cannot certainly know what is thereby admitted or denied unless he can invoke a decision of the court on the controverted question in advance of the final hearing. There is no

other procedure for the attainment of this end than by exceptions to the answer.

The other grounds urged by defendants against the consideration of the exceptions, I think, are not well taken.    In this connection, however, it should be observed that whether or not the exceptions sufficiently point out the defects intended to be complained of are questions to be determined when the exceptions are severally examined on their respective merits.    I hold that exceptions to an answer for insufficiency or impertinence will lie, even though answer under oath be expressly waived by the bill.    Further hearing on the exceptions is continued to such time as may be hereafter fixed by order of the court.