JOSEPH U. STARKWEATHER, Administrator, *vs.* GEORGE FRED WILLIAMS, Executor.

PROVIDENCE—NOVEMBER 10, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Equity. Bill of Discovery. Waiver of Oath. Demurrer. Heirlooms. Inventory.*

The power of a Court of Probate to compel disclosures relating to property or documents belonging to estates of deceased persons or wards (Gen. Laws R. I. cap. 209, § 15) does not exclude the right to a discovery in equity.

A bill for discovery which waives the oath to the answer is clearly demurrable.

Where the prayer in the bill is only for the delivery of property when ascertained, and the latter does not consist of relics, heirlooms, or property of that character, the proceeding cannot be regarded as a bill for an account, and is bad for want of equity.

An allegation that a disclosure sought is necessary to enable the complainant administrator to file his inventory with the Probate Court may create an equity.

BILL IN EQUITY to obtain a statement as to what assets were received and how the same were disposed of by a deceased executrix, and for delivery to the complainant of the unused part thereof. Heard on demurrer incorporated in the answer to the bill.

(1)      MATTESON, C. J. We do not think that the remedy provided by Gen. Laws R. I. cap. 209, § 15, is exclusive of the right to a discovery in equity, and therefore the demurrers incorporated in the answer cannot be sustained on that ground. We think, however, that the bill, in so far as it is a bill for discovery, is clearly demurrable in that it waives the oath to the answers. *Harrington* v. *Harrington*, 15 R. I. 341; *McCulla* v. *Beadleston*, 17 R. I. 20 (26).

Unless the bill can be regarded as a bill for an account, and we do not think it can, we think it is bad for want of equity. It prays, not for an account, but for the delivery to the complainant of specific property when ascertained, and it does not appear that such specific property consists of relics or heirlooms or property of that specific nature, which might, perhaps, create an equity. Neither has the bill any allegation that the disclosure sought is necessary to enable the complainant to file his inventory with the Court of Probate, which might also create an equity.

Demurrer sustained.

*Edward D. Bassett* and *Edward L. Mitchell*, for complainant.

*Arnold Green, Lellan J. Tuck*, and *George Fred Williams*, for respondent.