### TILLINGHAST v. CHACE et al.

(Circuit Court, D. Rhode Island. March 19, 1903.)

No. 2,609.

1. BILL IN EQUITY—WAIVER OF OATH—DISCOVERY.
    Upon a bill in equity which waives an oath to the answer, the complainant cannot have discovery.

In Equity.

Philip Tillinghast and Comstock & Gardner, for complainant.
Arnold Green, for defendants Chace and Ingraham.
Amasa M. Eaton, for defendant Baxter.

BROWN, District Judge. This case is before the court upon exceptions of the complainant to the joint answer of the defendants Chace and Ingraham, and the individual answer of Baxter. The exceptions to the answer of Chace and Ingraham, both for impertinence and insufficiency, are each and all overruled.

The complainant contends that he is entitled to discovery upon a bill which waives an oath. In the Union Bank of Georgetown v. Geary, 5 Pet. 99, 112, 8 L. Ed. 60, it was said by the Supreme Court:

"We are inclined to adopt it as a general rule that an answer not under oath is to be considered merely as a denial of the allegations in the bill, analogous to the general issue at law, so as to put the complainant to the proof of such allegations."

In Patterson v. Gaines, 6 How. 588, 12 L. Ed. 553, this language was quoted. In Huntington v. Saunders, 120 U. S. 80, 7 Sup. Ct. 357, 30 L. Ed. 580, the Supreme Court said:

"It is not a bill of discovery, because the answer under oath of the defendant is expressly waived; no interrogatories are propounded to either of the defendants; no effort made to obtain from them or either of them, by way of sworn answer, anything which could be used as evidence in the case. The issue of a general denial to the bill would leave nothing on which evidence could be introduced."

In the Excelsior Wooden Pipe Co. v. City of Seattle, 117 Fed. 140, the Circuit Court of Appeals for the Ninth Circuit said:

"The discovery feature of the bill may be disregarded: First, because an answer under oath is expressly waived in the bill; and, secondly, because the bill propounds no interrogatories. Huntington v. Saunders, 120 U. S. 78 [7 Sup. Ct. 356, 30 L. Ed. 580]; 6 Enc. Pl. & Pr. 732."

Equity rule 43 prescribes the form and effect of words preceding the interrogating part, and contains the words, "upon their several and respective corporal oaths." There is no indication in the rules that interrogatories can be propounded to be answered otherwise than upon oath; and it has generally been regarded as established law that a complainant waiving an oath to a respondent's answer cannot have discovery, and that he cannot except to an answer for insufficiency in its failure to give discovery. Story's Eq. Pldg. § 875; Harrington v. Harrington, 15 R. I. 341, 5 Atl. 502; McCulla v. Beadleston, 17 R. I. 20, 26, 20 Atl. 11; Starkweather v. Williams, 21 R. I. 55, 41 Atl. 1003; Ward v. Peck, 114 Mass. 121; Badger v. McNamara, 123 Mass. 117, 120; McCormick v. Chamberlain, 11 Paige, 543; 1 Daniell, Chanc. Plead. and Prac. 749 (3d Amer. Ed. 1865, by Perkins); United States v. McLaughlin (C. C.) 24 Fed. 823; Sheppard v. Akers, 1 Tenn. Ch. 326; Goodwin v. Bishop, 145 Ill. 421, 34 N. E. 47; Field v. Hastings & Bradley Co. (C. C.) 65 Fed. 279.

The complainant contends that the waiver of an oath does not deprive the complainant of his right to a full answer and a full discovery from the defendants. This contention finds some slight support in Bates on Federal Equity Procedure, vol. 1, § 355, and cases cited: Kittredge v. Claremont Bank, 1 Woodb. & M. 244, Fed. Cas. No. 7,859; Whittemore v. Patten (C. C.) 81 Fed. 527; Nat'l Hollow Brake Beam Co. v. Interchangeable Brake Beam Co. (C. C.) 83 Fed. 26; Uhlmann v. Arnholt & Schaeffer Brewing Co. (C. C.) 41 Fed. 369; Gamewell Fire-Alarm Tel. Co. v. Mayor (C. C.) 31 Fed. 312; Colgate v. Compagnie Francaise (C. C.) 23 Fed. 82; Reed v. Cumberland Mut. Ins. Co., 36 N. J. Eq. 393; Manley v. Mickle, 55 N. J. Eq. 567, 37 Atl. 738. See, also, section 118. But there is presented no decision of the Supreme Court, or of any circuit court of appeals, for this position; and it seems contrary to principle. The cases cited by Bates cannot be accepted as sufficient authority to

overthrow so well-established a principle as that a complainant who waives an oath cannot have discovery. The waiver of the oath, which reduces the answer to a mere pleading, must also require that "every fact essential to the plaintiff's title to maintain the bill, and obtain his relief, must be stated in the bill, or the defect will be fatal." Story's Eq. Pldg. § 277. Precise allegations, however, are unnecessary as to a subject which is a part of discovery sought by the bill. Story's Eq. Pldg. §§ 255–257. An allegation of fact may be put in issue by an unsworn answer, but an interrogatory propounds a question, and neither at common law nor in equity can an issue be framed upon a mere question.

The complainant also claims the present right to an account on the charges of his bill. He must first establish his right to an account, and cannot, by the mere filing of the bill, require the defendants, who dispute this right, to set forth an account in their answers.

The following exceptions to the answer of the defendant Baxter for impertinence, are allowed: Second, third, fourth (as to the part beginning with "that formerly" and ending with "died as aforesaid"), sixth, seventh, eighth, and ninth. The remaining exceptions for impertinence are overruled. The exceptions as to the answer of the defendant Baxter for insufficiency are overruled.

The defendants' demurrers are overruled.