### VICTOR G. BLOEDE CO. OF BALTIMORE CITY v. CARTER et al.

(Circuit Court, S. D. New York.  August 1, 1906.)

1. DISCOVERY—INTERROGATORIES—ANSWER UNDER OATH—WAIVER.

Where, in a bill for discovery in aid of an action for damages for conspiracy, complainant attached interrogatories to the bill, but waived answer thereto under oath, defendants were entitled to decline to answer.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 16 vol. 19, Cent. Dig. Equity, § 702.]

2. SAME—ANSWER.

Where defendants undertook to answer a bill for discovery, they were required to state whether they had knowledge or information respecting the matter alleged in the bill, and, if they had no knowledge or information sufficient to form a belief, they were not required to state their belief.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 29; vol. 19, Cent. Dig. Equity, § 427.]

3. EQUITY—PLEADING—INFORMATION AND BELIEF—DENIAL.

An answer that defendants did not know and could not set forth as to their belief or otherwise whether, etc., was insufficient, since, though it denied knowledge, it did not deny information.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 427.]

White & Blackford, for complainant.
Gifford, Hobbs, Haskell & Beard, for defendants.

THOMAS, District Judge. This is a bill of discovery in aid of an action at law for damages for conspiracy. The defendants refuse to answer any of the interrogatories attached to the bill upon the ground that complainant, by waiving oath to the answers thereto, is not entitled to such answers. The complainant urges that the court should order the defendants to answer such interrogatories and relies upon Slessinger v. Buckingham (C. C.) 17 Fed. 454, Uhlmann v. Arnholt, etc., Co. (C. C.) 41 Fed. 369, and the forty-first equity rule. In the Slessinger Case Judge Sawyer points out, under the present system of obtaining evidence, the advantage of waiving an answer under oath in

equity cases, and expresses his surprise that solicitors for complainants often throw away this advantage. He shows that an answer, when the oath thereto is not waived by defendant, has certain probative force, while an answer not under oath becomes a mere pleading. The opinion makes no suggestion that interrogatories, when the oath thereto is waived, must be answered, and the case has no bearing on the present question. The Uhlmann Case fully supports the complainant's contention that the defendants are not excused from answering interrogatories, when the oath thereto is waived; that the answers have no inherent force as evidence, but become admissions that the complainant may at his option use as evidence. The holding is that the complainant can extort from the defendant statements that have and can have no evidentiary status, unless the complainant chooses to confer it. Judge Butler criticises cases to which an opposite holding is ascribed, but gives no authority for his own holding, save that of Colgate v. Compagnie Francaise, etc. (C. C.) 23 Fed. 83. There Judge Wallace held, in answer to the contention that a corporation could not be compelled to make discovery, that the corporation could be compelled to answer the bill, but not under oath, "although the value of the answer as evidence may not be worth the experiment." He adds:

"Although no officer or agent is made a party to the bill, it is the duty of the corporation to cause diligent examination to be made, and give in its answer all the information derived from such examination."

This is faint support for the doctrine that the defendant must answer interrogatories where the oath is waived. It holds that a corporation, although not able to give evidence, save through its officers, was subject to and must answer the bill of discovery. The case might be cited as authority that a bill of discovery must be answered although the oath be waived. There is much later authority to the contrary effect. Rule 41 states in effect that, so far as answers to interrogatories are waived, the answers thereto, although under oath, shall not be evidence in favor of the defendant, unless the cause "be set down for hearing on bill and answer only." This apparently was to prevent a defendant from answering under oath, when an oath was not required, and claiming thereby the advantage of answering under oath. The defendants rely upon Tillinghast v. Chase (C. C.) 121 Fed. 435; McFarland v. State Savings Bank (C. C.) 132 Fed. 399. These cases hold precisely that the defendants may properly decline to answer the interrogatories seeking discovery attached to complainant's bill, where the complainant expressly waives an answer under oath. It is considered that they state the rule as it is and of right should be.

The motion to compel the defendant to answer the interrogatories is denied.

The complainant files many exceptions to the answer to the bill of discovery. It is concluded that the defendant has not answered to the best of knowledge, information, and belief, in paragraphs 14 and 15 (exceptions 6 and 7). Paragraph 29 does not answer paragraph 28 as to whether Hopkins went West (exception 19). Paragraph 34 does not fully answer paragraph 33 of the complaint, in that it does not answer whether all the acts charged in the bill (paragraph 33)

were done, and separately whether they, or any of them, were done pursuant to a conspiracy as charged (exception 22). Answer paragraph 36 omits to answer paragraph 35 of the bill as to the words "as it had therefore each year" (exception 23), although the complainant of all persons has the best knowledge of the fact, if it be such.

Exceptions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 23 do not relate to acts charged in the bill as being the acts of the defendants, or as having been within their own personal knowledge. Many of the facts as alleged are peculiarly within the knowledge of the complainant, and as between the parties the complainant has had superior opportunities of knowledge and information. But as the defendants have undertaken to answer, they should state whether they have knowledge or information respecting the matter alleged in the bill. If they have not knowledge or information sufficient to form a belief, they need not state their belief. In this regard the answers subject to the exceptions last above enumerated are faulty, as the defendants do not state what information, if any, they have, or whether they have a belief. Their form of answer is "that they do not know and cannot set forth as to their belief or otherwise whether," etc. This denies knowledge. It does not deny information, and scarcely denies the belief. If the defendants have neither knowledge nor information, of course there is no opportunity for belief.

Therefore the above exceptions must be sustained, as are exceptions 6, 7, 19, 22, and 23.