CALAHAN et al. v. HOLLAND-COOK MFG. CO.

(District Court, W. D. Washington, S. D. December 26, 1912.)

No. 1,117.

1. DISCOVERY (§ 19*)—SUFFICIENCY OF BILL—WAIVER OF ANSWER UNDER OATH.

A complainant is not entitled to discovery from the defendant on a general prayer therefor in the bill, where the bill expressly waives answer under oath and propounds no interrogatories.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 20-26; Dec. Dig. § 19.*]

2. DISCOVERY (§ 17*)—IN EQUITY—CORPORATIONS—JOINDER OF OFFICERS.

When discovery on the part of a corporation is asked, the better practice is to join as defendants the corporate officers having particular knowledge of the matter sought to be discovered.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 18; Dec. Dig. § 17.*]

In Equity. Suit by D. L. Calahan and C. A. Scales against the Holland-Cook Manufacturing Company. On exceptions to answer for insufficiency in not making discovery prayed for. Exceptions overruled.

G. Ward Kemp, of Seattle, Wash., for complainants.

Walter M. Harvey, of Tacoma, Wash., for defendant.

CUSHMAN, District Judge. The bill herein is one complaining of the infringement of a certain patent for a turning tool, praying for injunctive relief against the infringement, an accounting of profits which have been made out of its use by the defendant, and triple damages. The complaint also prays for discovery as follows:

"That the defendant make full disclosure and discovery of all the matters aforesaid, and full, true, and direct and perfect answer make to the several matters hereinbefore stated and charged (but not upon oath, an answer under oath being hereby expressly waived), as fully as if same were herein repeated and the defendant fully interrogated in reference thereto, and especially that it may set forth."

Complainant therein asks discovery concerning the manufacturing and sale by defendant of—

"devices of any kind containing or employing the inventions aforesaid, or any of them and how many thereof it has made."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Defendants have answered under oath, denying any infringement, alleging that this turning tool had been in public use and on sale in the United States for more than two years before the application of the complainants for the alleged patent, and that claimants unjustly and surreptitiously obtained a patent for an invention made by others. Particulars of its invention, use, and sale are set forth in the answer. No discovery is made, as prayed in the complaint. The cause is now before the court upon complainants' exceptions to the answer for insufficiency in not making the discovery prayed for.

[1] The right to discovery is not all one of advantage. If sworn discovery is made, it is evidence in the case, and requires two witnesses, or one witness with strong corroboration, to overcome. It cannot be considered evidence, unless sworn to, and, if sworn to, where an oath has been waived in the bill of discovery, it would not be considered evidence against the party so waiving it. It has, therefore, been considered that a waiver in the bill of an oath to the answer waives discovery.

"It is not a bill of discovery, because the answer under oath of the defendant is expressly waived. No interrogatories are propounded to either· of the defendants; no effort made to obtain from them, or either of them, by way of sworn answer, anything which could be used as evidence in the case." Huntington v. Saunders, 120 U. S. 78, at page 80; 7 Sup. Ct. 356, at page 357 (30 L. Ed. 580).

"The discovery feature of the bill may be disregarded—First, because an answer under oath is expressly waived in the bill; and, secondly, because the bill propounds no interrogatories." Excelsior Wooden Pipe Co. v. City of Seattle, 117 Fed. 140, at page 144, 55 C. C. A. 156, at page 160 (Ninth Circuit); Tillinghast v. Chace (C. C.) 121 Fed. 435; Victor G. Bloede Co. v. Carter (C. C.) 148 Fed. 127; McFarland v. State Savings Bank (C. C.) 132 Fed. 399; 6 Enc. Pl. & Pr. 732.

Complainants, in support of their exceptions for want of discovery, rely upon National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co. (C. C.) 83 Fed. 26, and Continental National Bank v. Heilman (C. C.) 66 Fed. 184. There are other cases that might have been cited; but, as has been said:

"The complainant contends that the waiver of the oath does not deprive complainant of his right to a full answer and a full discovery from the defendants. This contention finds some slight support. * * * But there is presented no decision of the Supreme Court, or of any Circuit Court of Appeals, for this position, and it seems contrary to principle. The cases cited by Bates cannot be accepted as sufficient authority to overthrow so well established a principle as that a complainant who waives an oath cannot have discovery. The waiver of the oath, which reduces the answer to a mere pleading must also require that 'every fact essential to plaintiff's title to maintain the bill, and obtain his relief, must be stated in the bill, or the defect will be fatal.'" Tillinghast v. Chace (C. C.) 121 Fed. 435, at pages 436 and 437.

[2] When discovery on the part of a corporation is asked, the better practice appears to be to join as defendants the corporate officers having particular knowledge of the matter sought to be discovered. 14·Cyc. 311; Foster's Federal Practice (3d Ed.) § 148, p. 346.

The exceptions to the answer are overruled.