In re SUNNYSIDE QUARRY CORPORATION.

SELVAGE v. LAMB.

(Circuit Court of Appeals, Fourth Circuit. December 20, 1924.)

No. 2257.

Bankruptcy ⬥186(1)—Trustee held entitled to recover money transferred in fraud of creditors.

Where bankrupt, a corporation, when insolvent, and without valuable consideration, turned over to the wife of its vice president, who was also the mother of its president, a sum of money belonging to the corporation, which she invested in real estate, the trustee held entitled to a personal decree against her for the amount, with a lien for its payment on the real estate.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond, in bankruptcy; D. Lawrence Groner, Judge.

In the matter of the Sunnyside Quarry Corporation, bankrupt. Mary H. Selvage appeals from a decree against her in favor of Brockenbrough Lamb, trustee. Affirmed.

Robert H. Talley, of Richmond, Va., for appellant.

R. W. Carrington, of Richmond, Va., for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. This is an appeal from a decree that the trustee in bankruptcy of the Sunnyside Quarry Corporation recover from the appellant, Mary H. Selvage, $2,500, with interest thereon from September 1, 1921, and which decree imposes upon certain real estate in Richmond a trust for that amount in favor of the trustee. The bankrupt was a corporation of the state of Virginia, organized February 5, 1921, against which the petition for adjudication as a bankrupt was filed February 15, 1922, one year and ten days later. It does not appear that a share of its stock was ever paid for. It was a family corporation, the president of which was the son, and the vice president and treasurer the husband, of the appellant. The son and the husband, together with a stenographer, constituted the board of directors of the corporation. It made a contract with the Stonewall Courts Corporation to do some work for the latter, and was to take its pay, or part of its pay, in two unimproved lots, valued by the parties at $3,000. The appellant's husband, as vice president of the bankrupt, directed that these two lots should be conveyed to his wife. This, however, was not actually done, but by direction of the husband the lots were sold for $2,500, and this $2,500 was applied by the appellant as a payment upon the house she purchased at 305 South Mulberry street, Richmond. Before the deed to the property at 305 South Mulberry street had been acknowledged, a question as to the regularity of the transaction arose, and the conveyance was actually delivered to her counsel, to be held by him until the court should pass on the questions of law and fact involved. She consented that "all questions involving the claims to all title to and interest in 305 South Mulberry street should be fully heard and adjudicated" in the court below in the bankruptcy proceedings in question.

The proceeds of the lots were turned over to her, as she said, in repayment of moneys

advanced by her to the bankrupt. The referee and the court both found that the bankrupt was not indebted to the appellant. The judge held that, if any advances had been made by her to anybody, they were to her husband and not to the corporation, and that the payment of the $2,500 to or for her was a fraud upon the bankrupt and its creditors. In our view, the record not only justifies, but requires, that conclusion.

She says that in any event there is no authority to enter a money judgment or decree against her, because the pursuit of property fraudulently obtained cannot be abandoned and a judgment in personam taken for its value. Phipps v. Sedgwick, 95 U. S. 3, 24 L. Ed. 591; U. S. Trust Co. v. Sedgwick, 97 U. S. 309, 24 L. Ed. 954; Huntington v. Saunders, 120 U. S. 80, 7 S. Ct. 356, 30 L. Ed. 580; Clark v. Beecher, 154 U. S. 632, 14 S. Ct. 1184, 24 L. Ed. 705. None of these authorities is applicable to the facts in this particular case. From the sale of the lots, which were the property of the bankrupt, the appellant received $2,500 of its money, and that she should be required to return to the trustee in bankruptcy. Moreover, as the fund was traced into a particular piece of property, the court below was right in impressing a trust upon her interest in it, to the extent of such sum, with interest and costs.

Affirmed.