McFARLAND v. STATE SAV. BANK et al.

(Circuit Court, D. Montana. September 10, 1904.)

No. 222.

1. EQUITY PLEADING—DISCOVERY—EFFECT OF WAIVER OF ANSWER UNDER OATH.

A waiver of answer under oath in a bill destroys its efficacy as a bill of discovery, and the defendant is not required to answer interrogatories propounded therein.

In Equity. On exceptions to answers.

See 129 Fed. 244.

Alexander Mackel, for complainant.

McBride & McBride, for defendants Lulu F. Largey, T. M. Hodgens, State Sav. Bank, Largey Lumber Co., and Missoula Lumber Co.

Bernard Noon, for defendant Edward Donlan.

HUNT, District Judge. The plaintiff, a citizen of Idaho, has brought this suit against the above-named defendants, who are citizens of Montana. A mere general statement of the salient features of the bill of complaint is now necessary. Complainant seeks to recover, inter alia, 1,000 shares of the capital stock in the Largey Lumber Company, which, it is alleged, were transferred to the defendant Lulu F. Largey without any consideration therefor, and for her accommodation, to enable her to pledge the same as a collateral security for a loan or loans of money from the defendants the State Savings Bank and T. M. Hodgens for carrying on the business of the company and to discharge its current and other obligations; that, without reading it, complainant made, executed, and delivered to said defendant Largey a certain instrument in writing, which the defendants Largey, State Savings Bank, and Hodgens represented to him to be only an instrument to facilitate the more convenient and ready use of said corporate stock as a collateral security. It is further alleged that these representations so made to him by said defendants were false and fraudulent to the knowledge of said defendants, and that said instrument in truth and in fact operated as a release and discharge of all of complainant's property rights in and to said stock and in and to all claims and demands, of whatsoever kind or nature, which he then had or might have against said defendants Largey, Hodgens, and Largey Lumber Company; that said transfer of said corporate stock and the said execution of said instrument in writing were procured from him, and he was induced to execute the same, in pursuance and furtherance of a fraudulent conspiracy between said defendants for the purpose of enabling them to obtain his property without paying him anything therefor; that at the time he was the manager of said Largey Lumber Company; that thereafter said defendants ousted him from the management of the corporation, and deprived him of his property in the stock thereof, and exercised control over the same for their own use and benefit. It is further alleged that complainant procured and obtained a large number of contracts, franchises, and concessions of great value, which he transferred to the Largey Lumber Company; that said contracts, if properly handled, would have been very profitable, and his proper share in said profits would have been in the neighborhood of $100,000, which he seeks to recover from the defendants and asks for an accounting in the usual way. It is further alleged that, in pursuance and furtherance of a fraudulent combination and conspiracy between the defendants, the affairs and business of the Largey Lumber Company were mismanaged for the purpose of greatly lessening and depreciating the value of its capital stock; that fraudulent transfers of its property were made to some of the other defendants herein, some for a grossly inadequate consideration, and some without any consideration at all; that a number of transactions were made and had between said corporation and the other defendants in pursuance and furtherance of the aforesaid conspiracy, and for the purpose of complicating the situation and to make it more difficult to detect the wrongs and secure redress. An

injunction is asked for, and a receiver is also prayed for. It is also sought to impress a trust upon the capital stock in the hands of the defendants Largey, Hodgens, and Largey Lumber Company. A discovery is also sought by the complainant, and to that end he has annexed certain specific interrogatories to be propounded to the defendants and placed the same at the foot of his bill. The oaths of the defendants to their answers and their answers to the interrogatories are expressly waived by the complainant.

Separate answers have been interposed by the Largey Lumber Company, State Savings Bank, T. M. Hodgens, Missoula Lumber Company, and Edward Donlan, answering the bill generally, denying its material allegations, and declining to answer the specific interrogatories, upon the ground that the complainant is not in law entitled to a discovery of the facts sought to be disclosed thereby. The defendant Lulu F. Largey has also answered separately, apparently making a full answer, and denying all the material allegations set out in the bill. Complainant has filed exceptions for insufficiency, etc., to all of the answers of the defendants. All of the answers of the defendants are verified.

Complainant, after reciting his grievances, makes the following allegation:

"In consideration whereof, inasmuch as your orator can have no relief except in a court of equity, and to the end, therefore, that the defendants may, if they can, show why your orator should not have the relief prayed for, and in order that the defendants may make a full disclosure and discovery of all the matters aforesaid, and according to the best and utmost of their remembrance, knowledge, and belief of all true, direct, and perfect answers make to the matters hereinbefore stated, but not under oath, the answer under oath being expressly waived, your orator now prays the court. * * *"

Defendants having answered the principal allegations of the bill under oath, yet having declined to answer the interrogatories propounded, there is presented for decision the question whether, the complainant having expressly waived an answer under oath, defendants may properly decline to answer the interrogatories seeking discovery attached to the complainant's bill. Were the point involved entirely new within this circuit, it would be more difficult of determination than it is, in view of the differing opinions of courts and text writers. But in the case of Excelsior Wooden Pipe Co. v. City of Seattle, 117 Fed. 140, 55 C. C. A. 156, which was an action in equity for accounting, for injunction, and praying for a discovery, and where complainant expressly waived an answer under oath, the court held that the discovery feature of the bill might be disregarded, first, because an answer under oath was expressly waived, and, second, because the bill propounded no interrogatories. While it is true the court entered upon no discussion of the point like that here presented, still its conclusion was based upon the decision in the case of Huntington v. Saunders, 120 U. S. 78, 7 Sup. Ct. 356, 30 L. Ed. 580. In Huntington v. Saunders it was held that, to entitle one to discovery, answer under oath may not be waived. This being correct, it would seem to follow that, if answer to a bill of discovery must be had under

oath, answers to interrogatories attached to a bill of complaint by way of discovery must likewise be under oath.

The foregoing constructions of equity rule 43 also find support in Tillinghast v. Chace (C. C.) 121 Fed. 435, where Judge Brown says:

"There is no indication in the rules that interrogatories can be propounded to be answered otherwise than upon oath; and it has generally been regarded as established law that a complainant waiving an oath to a respondent's answer cannot have discovery, and that he cannot except to an answer for insufficiency in its failure to give discovery. * * *"

Holding, therefore, that by waiver of answer under oath the adequacy of the complaint as a bill in discovery is destroyed, it follows that the exceptions must be overruled; and it is so ordered.